**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:14cv248**

| | | |
|---|---|---|
| INTEGRITY LIFE INSURANCE COMPANY, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | **MEMORANDUM AND RECOMMENDATION** |
| KRISTY KOMARA, et al., | ) ) ) | |
| Defendants. | ) | |

Pending before the Court is the Motion to Dismiss [# 4] filed by Defendants Kristy Komara, Sherry Rauschenplat, and Debra Huff (the "Moving Defendants"). Plaintiff brought this interpleader action to determine the proper beneficiary of an annuity contract. The Moving Defendants move to dismiss this action for lack of subject matter jurisdiction. The Court **RECOMMENDS** that the District Court **GRANT** the motion [# 4].

## I.    Background

Plaintiff issued a single premium deferred fixed annuity contract to Shirley M. Alexander in 2008. (Pl.'s Compl. ¶ 8.) Ms. Alexander passed away on August 6, 2013. (Id. ¶ 14.) The current death benefit of the annuity is $60,553.83,

exclusive of interest.  (Id. ¶ 8.)  Each of the four Defendants has made a claim to the annuity proceeds.  (Id. ¶ 15.)  Subsequently, Plaintiff brought this action in interpleader for the Court to determine who is the proper beneficiary of the annuity proceeds. The Moving Defendants then moved to dismiss this case pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction.  The District Court referred the motion to this Court.  The Motion to Dismiss is now properly before this Court for a Memorandum and Recommendation to the District Court.

## II.    Legal Standard

Pursuant to Rule 12(b)(1), a court may dismiss an action where the court lacks subject matter jurisdiction.  Plaintiff bears the burden of demonstrating that subject matter jurisdiction is proper in the Court.  Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).   When a defendant challenges subject matter jurisdiction by bringing a Rule 12(b)(1) motion to dismiss, the Court may regard the pleadings as mere evidence and may also consider evidence outside the pleadings.  In re IBR, Inc. v. Burn Pit. Litig., 744 F.3d 326, 333 (4th Cir. 2014). But, where a defendant only makes a facial challenge to the existence of subject matter jurisdiction, "the plaintiff is afforded the same procedural protections as he would be accorded when faced with a motion to dismiss for failure to state a claim

pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Namely, all alleged facts are taken as true and the motion will be denied if the complaint alleges facts that, if proven, would be sufficient to sustain jurisdiction." Lutfi v. U.S., 527 F. App'x 236, 241 (4th Cir. 2013) (unpublished).

### III.  Analysis

The interpleader statute provides a procedural device for a disinterested stakeholder such as an insurance company to bring a single action in federal court joining two or more individuals who claim an adverse interest in the proceeds of a single policy. Sec. Ins. Co. of Harford v. Arcade Textiles, Inc., 40 F. App'x 767, 769 (4th Cir. 2002) (unpublished).   A district court has original jurisdiction over a statutory interpleader action where the action involves an insurance policy in excess of $500.00, two or more adverse claimants of diverse citizenship, as defined in Section 1332, claim an interest in the proceeds of the policy, and the plaintiff has deposited the proceeds into the registry of the court or has given bond payable to the clerk.  28 U.S.C. §1335.  Section 1335, however, only requires minimal diversity. State Farm Fire & Cas. Co. v. Tashire, 386 U.S. 523, 530 (1967).  Thus, a plaintiff need only demonstrate that two or more of the claimants are diverse, irrespective of whether the remaining claimants may be citizens of the same state. Id. The citizenship of the Plaintiff, and whether the Plaintiff is diverse from the

claimants, is irrelevant for determining Section 1335 diversity.  Selective Ins. Co. of Am. v. Norris, 209 F. Supp. 2d 580, 582 (E.D.N.C 2002); 28 U.S.C. §1335.

State citizenship for purposes of diversity, depends not on residence but on national citizenship and domicile.  Axel Johnson, Inc. v. Carroll Carolina Oil Co., Inc., 145 F.3d 660, 663 (4th Cir. 1988).  Mere allegations of residency in a state are insufficient, standing alone, to establish citizenship.  Johnson v. Advance Am., 549 F.3d 932, 937 n.2 (4th Cir. 2008) ("For purposes of diversity jurisdiction, residence is not sufficient to establish citizenship."); Axel Johnson, 145 F.3d at 663 ("the existence of such citizenship cannot be inferred from allegations of mere residence, standing alone.").  "Domicile requires physical presence, coupled with an intent to make the State a home."  Advance Am., 549 F.3d 937 n.2.  As a leading treatise has explained:

> It very often has been said by federal judges in a tremendous number of judicial opinions that the domicile of a party to a diversity of citizenship case is the place where that individual has a true, fixed home and principal establishment, and to which, whenever that person is absent from the jurisdiction, he or she has the intention of returning . . . .

13E Charles Alan Wright, Arthur R. Miller, and Edward H. Cooper, Federal Practice and Procedure §3612 (1st ed. 2009).  An individual may acquire a new domicile by changing his or her physical presence to the new location, combined with the intention to remain in the new location indefinitely or with the absence of

any intention to go elsewhere.  Id. § 3613.

It is undisputed that the Moving Defendants are all citizens of North Carolina for purposes of determining diversity.  (See Pl.'s Compl. ¶¶ 2-4.) Plaintiff, however, alleges in the Complaint that Defendant Ira Rubin is a citizen of Fort Pierce, Florida.  (Pl.'s Compl. ¶ 5.)  The Moving Defendants contend that Defendant Rubin is a citizen of North Carolina.  Thus, the issue for the Court is whether Plaintiff has met its burden of demonstrating that Defendant Rubin is a citizen of Florida, and, thus, minimum diversity between the adverse claimants exists in this case.  Upon a thorough review of the evidence in the record, the Court finds that Plaintiff has failed to satisfy its burden of demonstrating that minimal diversity exists between two or more of the claimants in this action.

Defendant Rubin and Ms. Alexander began living together at 1 Redwing Drive in Hendersonville, North Carolina in approximately 2004, and were subsequently married sometime after that date.  (Ex. A to the Moving Defs.' Mot. Dismiss ("Ex. A to Mot. Dismiss") at ¶ 10, 17; Ex. B to the Moving Defs.' Mot. Dismiss ("Ex. B to Mot. Dismiss") at ¶ 10, 17; Ex. C to the Moving Defs.' Mot. Dismiss ("Ex. C to Mot. Dismiss") at ¶¶ 3, 5-7; Ex. A to Pl.'s Resp. in Opposition to Mot. Dismiss ("Ex. A to Pl.'s Resp.") at p. 3.)  Defendant Rubin has maintained a North Carolina driver's license since 2007 with the license address listed as 1

Redwing Drive.  (Ex. A to Pl.'s Resp. at pp.7-8.)  In fact, the last driver's license issued to Defendant Rubin was a North Carolina license.  (Id. at p. 7.)  During the timeframe when Defendant Rubin and Ms. Alexander began living together, Defendant Rubin had a vehicle registered in North Carolina.  (Id. at pp. 10-12.)  Defendant Rubin has an active voter registration in North Carolina, where he voted in 2002, 2004, 2006, 2008, 2010 and 2012.  (Id. at pp. 19-20.)

While residing with Ms. Alexander in North Carolina, Defendant Rubin also maintained a P.O. Box in De Leon, Florida starting in 2008.  (Id. at p. 4.)   In addition to the P.O. Box, Defendant Rubin maintained a Florida driver's license registered to the same P.O. Box beginning is 2008.  (Id. at p. 7.)  Finally, Defendant Rubin has an active Florida voter registration.  (Id. at p. 20.)  Defendant Rubin's Florida voter registration is registered to an address where Defendant Rubin lived from approximately 1987 until 2002.  (Id. at pp. 5, 20.)   The record is devoid, however, of any evidence that Defendant has ever voted in Florida, much less that he has voted in Florida since 2002.

The evidence before the Court demonstrates that from at least 2002 through the death of Ms. Alexander, Defendant Rubin was domiciled in North Carolina and, for purposes of determining diversity, was a citizen of North Carolina, not Florida.  The evidence before the Court also demonstrates that after

the death of Ms. Alexander, Defendant Rubin went to Florida, and that he is currently residing in Florida. Accordingly, the only remaining question for this Court is whether after the death of Ms. Alexander, Defendant Rubin intended to abandon his North Carolina domicile and acquire a new domicile in Florida.

Ms. Alexander died on August 6, 2013. (Ex. C to Mot. Dismiss at ¶ 1; Pl.'s Compl. ¶ 14; Ex. 6 to Pl.'s Compl.) Within two weeks of Ms. Alexander's death, Defendant Rubin packed up Ms. Alexander's jewelry and went to Florida. (Ex. C to Mot. Dismiss at ¶ 11.) Upon arriving in Florida, Defendant Rubin placed the jewelry in a safe somewhere in Florida. (Id.) In September of 2013, Defendant Rubin acquired a different Florida P.O. Box from the one he had used previously. (Ex. A to Pl.'s Resp. at pp. 3-4.) On March 13, 2014, Defendant Rubin registered two motor vehicles in Florida to the P.O. Box address that he has maintained since at least 2008. (Id. at pp. 4, 8-10.)

While it is undisputed that Defendant Rubin is currently residing in Florida, the Court finds that Plaintiff has failed to demonstrate that Defendant Rubin is a citizen of Florida for purposes of diversity; Plaintiff has failed to demonstrate that Defendant Rubin is domiciled in Florida. In Defendant Rubin's answer to the Complaint filed in the Superior Court of Henderson County, North Carolina by the Estate of Ms. Alexander against Defendant Rubin, he denied being a citizen of

Florida and stated that he was temporarily staying with relatives while dealing with a medical issue.  (Ex. A. to Mot. Dismiss at ¶ 3; Ex. B. to Mot. Dismiss at ¶ 3.) Similarly, Defendant Rubin has indicated in these proceedings that he is a permanent resident of North Carolina and that his stay in Florida is temporary. (Def. Rubin's Resp. to Mot. Dismiss at p. 1.)

The only actions that Defendant Rubin has taken since the death of Ms. Alexander is to travel to Florida with her jewelry, acquire a new P.O. Box in Florida, and register two vehicles in Florida.  Defendant, however, had previously maintained a P.O. Box in Florida while he was a citizen of North Carolina. Moreover, Defendant Rubin had also maintained his Florida driver's license during the time he was domiciled in North Carolina.   Although Defendant Rubin is also registered to vote in Florida, the registration appears to be tied to the address where he resided from 1987 until 2002, and the record reflects that Defendant Rubin has only voted in North Carolina since 2002.  The record is devoid of any evidence that Defendant Rubin has voted in Florida since leaving North Carolina.  In short, the Court finds that Plaintiff has failed to demonstrate that when Defendant Rubin went to Florida after the death of Ms. Alexander, he intended to abandon his North Carolina domicile and acquire a new domicile in Florida.  Accordingly, the Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss [# 4] and

**DISMISS** this action.

### IV.    Conclusion

The Court **RECOMMENDS** that the District Court **GRANT** the Motion to

Dismiss [# 4], and **DISMISS** this action.

Signed: March 17, 2015

Dennis L. Howell
United States Magistrate Judge

### **Time for Objections**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).